# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY GONZALES,<br><br>        Plaintiff,<br><br>    v.<br><br>HAROLD TATE,<br><br>        Defendant.<br>_____/ | CASE NO.   1:11-cv-01997-AWI-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFFS'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 16)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff Jimmy Gonzales ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  No other parties have appeared.

Plaintiff initiated this action on December 2, 2011.  (Compl., ECF No. 1.)  Prior to the Court screening Plaintiff's original Complaint, Plaintiff filed a First Amended Complaint (ECF No. 6) and a Second Amended Complaint (Am. Compl., ECF No. 16).  Plaintiff's Second Amended Complaint is now before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II.     PLAINTIFF'S CLAIMS

Plaintiff is currently incarcerated at California Correctional Institution ("CCI"), where the alleged underlying events occurred. Plaintiff alleges that the following individuals violated his right to adequate medical care under the Eighth Amendment and his rights under the Americans with Disabilities Act: 1) Doctor H. Tate, doctor at CCI and 2) Doctor A. Joaquin, chief medical doctor at CCI.

His allegations are as follows:

Plaintiff has chronic severe back pain, a degenerative disc disease, and nerve root problems. (Am. Compl. at 3.) Plaintiff was previously prescribed a number of pain medications and placed in physical therapy (Id. at 4-8.) Plaintiff also saw various specialists for his back. (Id. at 6-7.)

Plaintiff met with Defendant Tate on the day he was transferred to CCI. (Am. Compl. at 8.) Defendant Tate told Plaintiff he was stopping Plaintiff's pain medication because there was nothing wrong with Plaintiff. (Id.) Defendant Tate said he would provide Plaintiff with some drugs to help him overcome withdrawal. (Id.) Defendant Tate also revoked Plaintiff's Disability Placement Program Verification. (Id. at 9.) Defendant Tate's orders were reviewed and authorized by Defendant Joaquin. (Id.)

As of October 12, 2011, Plaintiff has not received any treatment for his back pain or injury. (Am. Compl. at 10.) Plaintiff continues to be in pain. (Id.) Plaintiff believes his injuries are getting worse. (Id.)

Plaintiff asks for a preliminary injunction directing Defendants to reinstate Plaintiff's Disability Placement Program Verification.[1]

### III. ANALYSIS

#### A. 42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

#### B. Linkage Requirement

As an initial issue, Plaintiff has not stated a claim against Defendant Joaquin because he has not linked him to any violation of his rights.

Under 42 U.S.C. § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional

---

[1] Plaintiff has filed a separate motion for immediate injunctive relief. (ECF No. 17.) The Court will deal with Plaintiff's request for immediate injunctive relief in a separate order.

conduct of their subordinates under a theory of respondeat superior." Id. at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 676-677.

Plaintiff has not alleged facts demonstrating that Defendant Joaquin took any direct action to violate his rights. He alleges only that as Defendant Tate's immediate supervisor, Defendant Joaquin must have approved Defendant Tate's treatment plan. It appears that Plaintiff seeks to hold Defendant Joaquin liable only because of his supervisory responsibilities.

Plaintiff will be given leave to amend his claims against Defendant Tate. If he chooses to amend, his amended complaint should explain if and how this Defendant was directly aware of Plaintiff's medical issues and failed to treat them adequately.

### C. Eighth Amendment

Plaintiff claims that Defendants Tate failed to provide him with adequate medical care by failing to effectively treat Plaintiff's pain.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Plaintiff has alleged a serious medical condition. He alleges a chronic pain condition which has not been effectively treated. His condition could result in both injury and pain.

In addition to a serious medical condition, Plaintiff must also establish deliberate

indifference. To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has not alleged that Defendant Tate acted with deliberate indifference. He complains that Defendant Tate improperly weaned him off of pain medications and revoked his Disability Placement Program Verification. However, the facts alleged suggest Defendant Tate made a reasoned medical decision to take Plaintiff off pain medication and undertook to do so with concern for potential withdrawal symptoms. The fact that Plaintiff disagrees with this medical decision and has not obtained the treatment and relief he thinks best does not reflect deliberate indifference on the of part of Defendant Tate or anyone else.

Plaintiff will be given leave to amend this claim. Plaintiff should review the standard for pleading inadequate medical care and determine if there were any actions or inaction by Defendant Tate that could rise to the level of deliberate indifference. If Plaintiff believes he has a claim under the standard, he should explain when it occurred, how Defendant Tate was deliberately indifferent, and provide details regarding the indifference.

### D. Americans with Disabilities Act

Plaintiff alleges Defendant Tate violated his rights under the Americans with Disabilities Act by providing him with insufficient accommodations for his back pain.

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish

a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); see also Duffy v. Riveland, 98 F.3d 447, 453–56 (9th Cir. 1996).

"To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139. In the ADA context, a plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness." Id. at 1140.

The "alleged deliberate refusal of prison officials to accommodate [a prisoner's] disability-related needs in such fundamentals as ... medical care ... constitutes exclusion from participation in or ... denial of the benefits of the prison's services, programs, or activities." United States v. Georgia, 546 U.S. 151, 157 (2006).

Plaintiff has not sufficiently alleged that he is a qualified individual with a disability. He alleges that he has back pain but does not explain why or how it qualifies as a disability under the ADA. In his amended complaint, Plaintiff should explain how his back pain limits him and rises to the level of a disability under the ADA.

Plaintiff fails to allege facts showing he was denied access to medical treatment in the form of medications and accommodations. "Whether and when the ADA supports claims by prisoners regarding a prison's medical and nutritional services is a close question that turns on distinguishing actionable claims of 'denial of medical treatment' from

non-actionable claims of mere inadequate or negligent medical treatment." Payne v. Arizona, No. 09-1195-PHX-NVW, 2012 WL 1151957 at *6 (D. Ariz. April 5, 2012); see also Kiman v. N.H. Dep't of Corr., 451 F.3d 274, 284 (5th Cir. 2012) (noting courts have "differentiated ADA claims based on negligent medical care from those based on discriminatory medical care").

Plaintiff's predicate medical deliberate indifference claim fails for the reasons stated above. Plaintiff does not allege facts plausibly claiming Defendant Tate's denial of medical treatment in deliberate indifference to Plaintiff's serious medical needs. See e.g., Payne, 2012 WL 1151957 at *7 (denial of prescribed diabetic meals for 11 months, where plaintiff made repeated requests which defendant ignored without explanation sufficient to state ADA claim).

Plaintiff fails to allege facts sufficient to state a claim for failure to accommodate under the ADA. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts plausibly claiming the above noted elements attributable to each Defendant.

## IV.    CONCLUSION AND ORDER

Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's third amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana,

Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's Second Amended Complaint, filed September 24, 2012, is dismissed for failure to state a claim upon which relief may be granted under § 1983;
3. Within **thirty (30) days** from the date of service of this Order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this Order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: December 28, 2012          /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE