UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY GONZALES,<br><br>            Plaintiff,<br><br>     v.<br><br>HAROLD TATE,<br><br>            Defendant. | Case No.: 1:11-cv-01997-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT TATE'S MOTION TO DISMISS<br><br>(ECF No. 34)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Jimmy Gonzales ("Plaintiff") is a prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court screened Plaintiff's Third Amended Complaint (Am. Compl., ECF No. 20) and found that it stated a cognizable claim against Defendant Tate for inadequate medical care under the Eighth Amendment of the United States Constitution and under the Americans with Disabilities Act (ECF No. 22).

Defendant Tate has moved to dismiss Plaintiff's action under the unenumerated provisions of Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust his administrative remedies.  (Def.'s Mot., ECF No. 34.)  Plaintiff filed an opposition.  (Pl.'s Opp'n, ECF No. 41.)

Defendant Tate's motion is now ready for ruling.  Local Rule 230(*l*).

I. **LEGAL STANDARDS**

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints; the process is initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a). During the time relevant to this case, three levels of appeal existed; each successive appeal had to be submitted within thirty calendar days of the event being appealed. Id. at §§ 3084.7, 3084.8. To properly exhaust administrative remedies, a prisoner must comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The exhaustion requirement of § 1997e(a) is not a pleading requirement, but rather an affirmative defense. Defendants have the burden of proving plaintiff failed to exhaust the available administrative remedies before filing a complaint in the District Court. Jones v. Bock, 549 U.S. 199, 216 (2007). A motion raising a prisoner's failure to exhaust the administrative remedies is properly asserted by way of an unenumerated motion under Fed. R. Civ. P 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium). In determining whether a case should be dismissed for failure to exhaust administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a

procedure that is "closely analogous to summary judgment." Id. at 1119–20. When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." Id.

## II. PLAINTIFF'S CLAIMS

Plaintiff's allegations are summarized as follows:

Plaintiff has chronic severe back pain. (Am. Compl. at 4.) Prior to his transfer to California Correctional Institution ("CCI") in Tehachapi, California, Plaintiff was prescribed a number of pain medications and given a Disability Placement Program Verification ("DPPV"). (Id. at 4-5.) The DPPV allowed Plaintiff to rest every thirty yards when walking. (Id. at 5.) Plaintiff was also provided additional accommodations for his condition. (Id. at 5-6.)

Plaintiff was transferred to CCI in 2011. (Am. Compl. at 8.) Upon his arrival, he met with Defendant Tate who determined there was no reason for Plaintiff to be on the powerful pain medications previously prescribed. (Id.) Defendant Tate canceled Plaintiff's prescriptions, removed Plaintiff's DPPV and denied Plaintiff proper treatment for his medical conditions. (Id.) Defendant Tate told Plaintiff he would not provide him any pain medication. (Id. at 10.) Plaintiff experienced severe pain as a result of Defendant Tate's actions. (Id. at 11.) Plaintiff saw other doctors when Defendant Tate was away and they provided pain medication and additional care. (Id. at 12-13.) Defendant Tate however refused to allow refills of these prescriptions. (Id. at 13.)

## III. ANALYSIS

Defendant Tate is entitled to dismissal pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b)(6).

Plaintiff proceeds on claims under the Eighth Amendment for inadequate medical care and under the Americans with Disabilities Act ("ADA"). Under the PLRA, Plaintiff had to have exhausted available administrative remedies for these complaints prior to initiating this action in federal court. Plaintiff did not do so. He did not exhaust any administrative remedies prior to initiating this action on December 2, 2011.

Between October 12, 2011, the date on which Defendant Tate took away Plaintiff's pain medications, and December 2, 2011, the date on which Plaintiff initiated this action, Plaintiff filed seven different health care appeals at CCI. (Ledford Decl., ECF No. 34-2 at ¶ 6.) All related to Plaintiff's lack of pain medications and ADA accommodations. (Id. at p. 5-8.) Only one of these appeals, log number CCI-HC-11033065, was exhausted to the third level as required by the PLRA. (Ledford Decl. at p. 5.) However, it was exhausted on May 29, 2012, almost six months **after** this action was initiated. The PLRA requires that appeals be exhausted **before** initiating a court action.

Of the six other appeals filed during the relevant time period, five were rejected due to Plaintiff's failure to use proper forms, incompleteness, excessive verbiage and/or documentation. (Ledford Decl. at p. 5-8.) The last of the seven was rejected because Plaintiff submitted it directly to the third level without having completed the lower two levels as required by California regulations. (Id. at p. 6.)

In his opposition to Defendant Tate's motion, Plaintiff admits he failed to properly exhaust the claims.[1] (Pl.'s Opp'n at 1.) He argues that he should be excused from the PLRA's exhaustion requirements because he seeks only injunctive, not monetary, relief and he needed the relief immediately.

The failure to exhaust may be excused where the administrative remedies are rendered "unavailable," where prison officials obstructed the prisoner's attempt to exhaust, or where the prisoner was prevented from exhausting because the procedures for processing grievances were not followed. See Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) (citations omitted). However, Plaintiff bears the burden of demonstrating that unavailability and the absence of fault on his part. See Sapp v. Kimbrell, 623 F.3d 813, 822–23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d at 1224; Brown v. Valoff, 422 F.3d 926, 939–40 (9th Cir. 2005).

---

[1] "I cannot dispute that I did file this 42 U.S.C. § 1983 complaint while the appeals process was ongoing." (Pl.'s Opp'n at 1.)

Although the Nunez list of exceptions is not exhaustive, it does provide guidance as to when a prisoner might be exempted. Plaintiff raises nothing falling even remotely within the ambit of Nunez. He fails to cite, and the Court is unable to find, any authority for the proposition that exhaustion should be excused where a prisoner seeks injunctive relief he claims is unavailable through the grievance process. Plaintiff has not demonstrated that he was exempt from the PLRA's exhaustion requirements.

Nothing filed by Plaintiff raises any doubt as to the accuracy of Defendant Tate's history of Plaintiff's administrative appeals. Defendant Tate has satisfied his burden of demonstrating that Plaintiff failed to exhaust administrative remedies. His motion to dismiss should be granted and this action dismissed without prejudice.

## IV.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant Tate's motion to dismiss (ECF No. 34) be granted and that this action be DISMISSED without prejudice. The Court also recommends that all pending motions be DISMISSED as moot.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 29, 2014            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE